UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVEN N. COHEN,

                Plaintiff,

        -against-

EPSTEIN, BECKER, AND GREEN; SHIRA M.
BLANK; JANE DOE (RECEPTIONIST),

                Defendants.

25-CV-10736 (LTS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action and invokes the Court's federal-question jurisdiction. He alleges that Defendants, including a private law firm, violated his rights under Rule 4(c)(2) of the Federal Rules of Civil Procedure by refusing to accept service of legal briefs when Plaintiff was acting as a process server. By order dated January 6, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action for failure to state a claim for relief.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

The following facts are drawn from the complaint.[1] In *Yourman v. Columbia NY Presbyterian Hospital*, No. 24-CV-6286 (JPC) (KHP), a *pro se* action pending in this district, the *pro se* plaintiff retained Plaintiff in this case to serve legal papers associated with that lawsuit. Plaintiff states that he is over 18 years old and had no interest in the *Yourman* litigation. (ECF No. 1, at 5.)

On December 1, 2025, Plaintiff traveled to the offices of the law firm of Epstein, Baker, and Green, who represents the defendants in *Yourman*, to "serve legal briefs" on the *Yourman* defendants. (*Id*.) When Plaintiff attempted to serve the legal briefs, an attorney at Epstein, Baker, and Green—Shira M. Blank—informed Plaintiff that the firm "only accept[s] service of papers from licensed process servers" and refused to accept the briefs from Plaintiff. (*Id*.) Shortly after,

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

an unnamed receptionist at Epstein, Baker, and Green yelled at Plaintiff that she would not have allowed Plaintiff to enter the law office had she known that Plaintiff was not a licensed process server, and then the receptionist ejected Plaintiff from the office. (*Id*.) Plaintiff contends that as a result, he was "prevented from earning a living" and has become "despondent" and "depressed." (*Id*. at 6.)

Plaintiff uses the Court's general complaint form and checks the box indicating his intent to invoke the Court's federal-question jurisdiction. In response to the complaint form's question asking which of Plaintiff's federal rights was violated, he writes Rule 4(c)(2) of the Federal Rules of Civil Procedure. (ECF No. 1, at 2.)

Plaintiff names as Defendants the law firm of Epstein, Baker, and Green; Shira M. Blank; and a Jane Doe, who is described as the firm's receptionist. He seeks monetary and injunctive relief. (*Id*., at 6.)

### DISCUSSION

Because Plaintiff invokes the Court's federal-question jurisdiction and asserts that his rights under Rule 4(c)(2) of the Federal Rules of Civil Procedure were violated, the Court liberally construes the complaint as asserting a private right of action under Rule 4(c).

"[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001); *see Oxford Univ. Bank v. Lansuppe Feeder, LLC*, 933 F.3d 99, 104 (2d Cir. 2019). "Congressional intent is the keystone as to whether a federal private right of action exists for a federal statute." *Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 116 (2d Cir. 2007) (citing *Alexander,* 532 U.S. at 286). Federal courts "cannot ordinarily conclude that Congress intended to create a right of action when none was explicitly provided." *Id.* at 116 (citation omitted).

Rule 4(c) of the Federal Rules of Civil Procedure reads, in full: "Any person who is at least 18 years old and not a party may serve a summons and complaint." It does not expressly provide for a private right of action. The Court therefore "begin[s] with the presumption that Congress did not intend one." *Bellikoff*, 481 F.3d at 116.

That presumption is buttressed by the Rules Enabling Act, which states in relevant part that the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2072(b). Because the Federal Rules of Procedure cannot modify or create any substantive rights, courts have routinely held that "the Federal Rules of Civil Procedure do not create a private right of action." *Xu v. Neubauer*, 166 F.Supp.3d 203, 207 (D. Conn. 2015); *see, e.g., In re Baldwin-United Corp.*, 770 F.2d 328, 335 (2d Cir. 1985) (Rule 23 does not create a private right of action); *Lawyers for Fair Reciprocal Admission v. United States*, 141 4th 1056, 1073 (9th Cir. 2025) (Rule 11 does not create a private right of action); *Xu*, 166 F.Supp.3d at 207 (Rules 4, 5, 6, 11, 12, 26, and 55 do not create private rights of action). Because Rule 4(c)(2) does not provide for a private right of action, Plaintiff has failed to state a claim for relief and his claim must be dismissed.[2]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

---

[2] Even if Rule 4(c)(2) did provide for a private right of action, Plaintiff's claims would fail on the merits. Plaintiff contends, and the *Yourman* docket confirms, that Plaintiff was not serving a summons and complaint on Defendants, as contemplated by Rule 4. Rather, he was filing "legal briefs" in opposition to a motion to dismiss. Because Plaintiff was not serving a summons and complaint, Rule 4(c)(2) is not implicated in this matter.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    January 12, 2026
          New York, New York

_Louis L. Stanton_
                Louis L. Stanton
                U.S.D.J.

5